### No. 1985.
### Second Circuit Appeal.

---

### L. C. BIGGS ET AL. v. MARY M. FURNISH ET AL.

---

(Feb. 20, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Taxation—Par. 336, 341, 377, 378.

Where an answer in a suit attacking a tax sale was filed more than eleven years after registry of that sale, a plea of prescription established by Article 232 of the Constitution of 1898, continued in the Constitution of 1921, will be sustained.

Appeal from Second Judicial District Court of Louisiana, Parish of Bossier, Hon. Robert Roberts, Jr., Judge.

This suit is brought against the heirs of J. W. Catlett for damages alleging that they are claiming property received by the plaintiff in a petition suit' and slandering plaintiff's title thereto. In their answer the defendants attacked a tax sale on the ground that the assessment was in the wrong name to the knowledge of the tax purchaser. To this the plaintiffs filed a plea of prescription of three years and another a plea of estoppel. There was judgment for plaintiff sustaining the plea of prescription but in favor of defendant annulling the partition. The defandtns appealed.

Judgment affirmed.

Foster, Looney and Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Drew and Drew, of Minden, attorneys for defendants, appellants.

CARVER, J, On June 17, 1911, W. H. Scanland and J. E. Biggs bought from the Tax Collector of Bossier parish for the taxes of 1910 assessed to Felix Dixon an undivided one-third interest in east ·half of west half and west half of northeast quarter of Section 27, Township 19 North, Range 11 West, receiving therefor the usual deed, which was recorded on June 22, 1911.

At that time the whole of the tract belonged to one J. W. Catlett.

In 1921 plaintiff, the heirs of said Scanland and Biggs, had a partition with Mary E. Catlett (alleged in the petition to be the widow of J. W. Catlett and his sole legatee respecting the land involved herein), plaintiffs' taking part of the land and Mrs. Catlett the rest.

The suit is brought against the children and sole legal heirs of J. W. Catlett for $300.00 damages on the allegation that defendants are claiming the property received by plaintiff in said partiton and slandering plaintiffs' title thereto.

Defendants, in their answer, attack the partition on grounds not necessary to men-

tion and also attack the tax sale on the ground that the assessment was in the name of Dixon although the property belonged to Catlett to the knowledge of the tax purchaser whose acquisition of the same, they allege, was an attempt to defraud their ancestor. They also ask for damages.

Plaintiffs filed a plea of prescription of three years, and also a plea of estoppel.

The district judge rendered judgment in favor of the plaintiffs, sustaining the plea of prescription but in favor of defendants annulling the partition and decreed the property to belong in division one-third to plaintiffs and two-thirds to defendants.

Defendants appeal, but the plaintiffs do not nor do they ask any amendment of the judgment.

Defendants do not allege that they are or have been since the date of the tax sale in possession of the property, and by praying to be sent into possession they inferentially concede that they are not.

The answer attacking the tax sale was filed in 1922—more than eleven years after the registry of that sale. The district judge decided correctly, we think, in sustaining the plea of prescription established by Article 233 of the Constitution of 1898, which article was continued in the Constitution of 1921 with a change still more favorable to tax sales.

See Terry vs. Heisen, 115 La. 1070, 40 South. 461, and cases therein cited.

Also Winn Parish Bank vs. White Sulphur Lumber Co., 133 La. 282, 62 South. 907.

The judgment of the lower court is affirmed.